1  JUNJI SUZUKI (SBN 184738)
2  junji@marshallsuzuki.com
   MARSHALL SUZUKI LAW GROUP, LLP
3  230 California Street, Suite 415
   San Francisco, CA 94111
4  Telephone: (415) 618-0090
   Facsimile: (415) 618-0190
5  Attorney for Applicant,
6  Tsukasa Akimoto

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  In re Ex Parte Application of           )  Case No:
                                             )
12                                           )  **EX PARTE APPLICATION FOR**
13  Tsukasa Akimoto,                         )  **ORDER PURSUANT TO 28 U.S.C. §**
                                             )  **1782 PERMITTING DISCOVERY**
14                           Applicant.      )  **FOR USE IN FOREIGN**
                                             )  **PROCEEDING; SUPPORTING**
15  _____          )  **MEMORANDUM OF POINTS AND**
                                             )  **AUTHORITIES**
16

17

18         Pursuant to 28 U.S.C. § 1782, Applicant, Tsukasa Akimoto ("Applicant"), an interested

19  person, hereby applies to this Court ex parte for an order permitting discovery from Apple Inc.

20  ("Apple"), a corporation with its principal place of business in this jurisdiction, for use in a

21  foreign court proceeding in Japan.

22         The proposed subpoenas, copies of which are attached to this application, seek from

23  Apple testimony and documents relating to certain location data for Applicant, which can be

24  retained by Apple, and the operating principles of the Apple's "Health" app (the "Health App")

25  installed on Apple iPhone, in other words, how the Health App works.  Applicant will use such

26  discovery in a pending proceeding in Japan, the appeal of a criminal conviction entered against

27  Applicant (the "Japanese Proceeding").

28

-Page 1 of 8-

**In re Ex Parte Application of Tsukasa Akimoto**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

This application is supported by the accompanying declaration of Tetsu Shirai ("Shirai Decl."), an attorney admitted in Japan who represents Applicant in connection with the Japanese Proceeding. Shirai Decl. ¶ 1.

## I. BACKGROUND

Applicant was a member of the House of Representatives of Japan. *Id.* ¶ 4. He was recently convicted of bribery charges, and is now appealing said conviction. *Id.* ¶ 5.

One of the charges against Applicant alleged that he received bribes on September 28, 2017 at 1:30 PM, at the Applicant's office (the "Applicant's Office"), located in the House of Representative First Legislative Assembly Building. The alleged bribes were purportedly from Masahiko Konno ("Mr. Konno") and Katsunori Nakazato ("Mr. Nakanazato"), both of whom were consulting for 500.com Limited[1], a Chinese company planning to start a business and setting up an integrated resort in Okinawa and Hokkaido in Japan. *Id.* ¶ 5b. During the relevant times, Applicant held the position of Vice-Minister of the Cabinet Office Ministry of Land, Infrastructure, Transport and Tourism, and was involved with development and tourism in Hokkaido. He also held the position of Vice-Minister of the Cabinet Office assisting the Minister in charge of developing Specified Integrated Resort Areas. *Id.* ¶ 5a.

The matter at issue in the Japanese Proceeding is whether Applicant met with Mr. Konno and Mr. Nakazato at Applicant's office in the House of Representatives First Legislative Assembly Building at around 1:30 p.m. on September 28, 2017, and whether Applicant accepted the bribes from them. *Id.* ¶ 6, 9. The prosecution's essential foundational allegation in the Japanese Proceeding is that Applicant was at his office at around 1:30 p.m. on that day. *Id.* If Applicant was not at his office at the time at issue as described above, the fact that he met with Mr. Konno and Mr. Nakazato and the fact that he accepted the bribes cannot be established. *Id.*

During the first hearing, Applicant had, and presented to the Tokyo District Court, the step count data that, he contended, showed that he could not have been at the Applicant's Office at the subject time. *Id.* ¶ 6. However, the Court ruled that "there is no evidence that allows to

---

[1] https://www.500.com/

**In re Ex Parte Application of Tsukasa Akimoto**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

recognize the operating principles, detailed operating conditions, and the degree of accuracy of this app, objectively and specifically[,]" therefore, the step count data "does not have sufficient evidentiary value that will affect determining the defendant's behavioral circumstances." *Id.*

As provided in the proposed subpoenas to Apple attached to the proposed order concurrently submitted with this Application, the information sought to be obtained in this Application is summarized as follows: (i) the location data (GPS information and other location data collected by "Find My iPhone" and other functions or apps, and the step count and other data editing history, etc. (the "Location Data") collected by the Health App of the iPhone and/or Apple ID used by Applicant during a specific time period on September 28, 2017 (Japan time); (ii) how the sensors, etc. built into the iPhone operate in Health App; and (iii) information regarding the specifications of the iPhone and/or Apple's apps on how the step count and other data collected by Health App are recorded and the accuracy thereof. *Id.* ¶ 8.

The Location Data on the iPhone that Applicant owned at the time will be conclusive because it will prove his location (the information described in (i) above). In addition, the step count data from Health App at that time is still stored inside the iPhone or linked to the Apple ID used by Applicant, and the accuracy of the data (whether it has been altered, etc.) and the operating principles applied in collecting the data will be helpful and important evidence in proving Applicant's activities at the time at issue (the information described in (ii) and (iii) above, hereinafter referred to as "Health App's Operating Principles"). *Id.* ¶ 10. All of the information sought to be obtained in this Application is crucial for Applicant's defense at the Case. *Id.*

II.     ARGUMENT

A.      Legal Standard

An applicant seeking discovery for use in a foreign proceeding must demonstrate that (1) the person from whom the discovery is sought resides or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic of*

**In re Ex Parte Application of Tsukasa Akimoto**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

*Ecuador*, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) at*1.

In exercising its discretion under 28 U.S.C. § 1782, a district court should further consider the following non-exhaustive factors: "(1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May 2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S. 2004)).

**B.   Applicant's Application Meets All of the Statutory Requirements under 28 U.S.C. § 1782.**

**1.   Apple From Whom Discovery Is Sought Is Located in This District.**

Apple, from whom the discovery requested in this application is sought, has its principal place of business in Cupertino, California[2], which is within this Court's district.

**2.   The Requested Discovery Is for Use in a Proceeding in Japan.**

Applicant was recently convicted of, and has appealed, bribery charges Shirai Decl. ¶ 5. As stated above, Location Data and step count data collected by Health App and recorded in the Applicant's iPhone and/or retained by Apple will assist Applicant in overturning his conviction by proving that he was not at the place where and when the alleged bribery occurred. *Id.* ¶ 10. It is crucial to Applicant's appeal at the Japanese Proceeding that he obtains testimony and documents relating to the Location Data and the Health App's Operating Principles. *Id.*  Thus, the requirement that the discovery be for use in a foreign proceeding is met.

**3.   Applicant is Interested Party under 28 U.S.C. § 1782, Who May Make This Application.**

---

[2] https://www.apple.com/contact/

-Page 4 of 8-

**In re Ex Parte Application of Tsukasa Akimoto**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by "any interested person." As a defendant in the criminal case in Japan and the Appellant in the subject proceeding, Applicant is clearly an interested person under 28 U.S.C. § 1782.

### C. Applicant's Application Further Meets All of the Discretionary Factors under *Intel*.

#### 1. Apple Is Not Participant in the Foreign Proceeding.

The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id*. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*.

Apple is not a participant in the Japanese Proceeding or is in any way a participant or interested party in the appeal of the conviction arising from that underlying matter. Shirai Decl. ¶ 12. Additionally, the person(s) to give testimony or statement and documents to be produced that Applicant seeks is/are located in the United States and not in Japan[3]. Thus, they are out of the reach of the Japanese court's jurisdiction.

#### 2. The Requested Discovery Is Crucial to Applicant's Appeal of his criminal conviction in Japan and the Japanese Courts Would Be Receptive to this Court's Assistance.

"A court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*. At 264.

---

[3] https://www.apple.com/contact/

-Page 5 of 8-

**In re Ex Parte Application of Tsukasa Akimoto**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

Location Data and Apple's Health Operating Principles will assist Applicant in overturning his conviction by proving that he was not at the place where and when the alleged bribery occurred. Shirai Decl. ¶ 10. As stated above, Applicant claims that he did not go to the House of Representatives First Legislative Assembly Building, where his office is located, on September 28, 2017 at 1:30 PM, did not meet with Mr. Konno and Mr. Nakazato, and did not receive the bribes from them and thus it was impossible for him to receive the bribes. *Id.* ¶ 6. During the first hearing, Applicant had, and presented to the Tokyo District Court, the step count data that, he contended, showed that he could not have been at the Applicant's Office at the subject time. *Id.* However, the Court ruled that "there is no evidence that allows to recognize the operating principles, detailed operating conditions, and the degree of accuracy of this app, objectively and specifically[,]" therefore, the step count data "does not have sufficient evidentiary value that will affect determining the defendant's behavioral circumstances." *Id.* In Japan, both the first and second instances of criminal court proceedings are fact-finding processes. *Id.* ¶ 13. Therefore, on appeal, Applicant is allowed to present new evidence. *Id.* It is crucial for Applicant's appeal that he obtain testimony and documents relating to the Location Data and the Health App's Operating Principles. *Id.* ¶ 10.

In addition, the Japanese courts will be receptive to this court's assistance. In fact, the Japanese courts have been consistently receptive to discovery assistance from U.S. courts. *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953, *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist. LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012).

**3. Applicant's Discovery Request Is Not an Attempt to Circumvent Foreign Proof Restrictions or Policies.**

"A district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel.* at 265.

Applicant is not aware of any restrictions imposed by, or any policies under, Japanese law limiting proof-gathering in the manner proposed and for the purposes stated herein. Shirai

-Page 6 of 8-

**In re Ex Parte Application of Tsukasa Akimoto**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

1  Decl. ¶ 14.  In the past, courts have granted 28 U.S.C. § 1782 applications for use in  proceedings
2  in Japan, both civil and criminal.  *Marubeni Am. Corp.* at 98; *LG Elecs. Deutschland GMBH*,
3  \*5; *Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office)*, 16
4  F.3d 1016, 1018-1019, 1994 U.S. App. LEXIS 2440, \*3-6, 94 Cal. Daily Op. Service 1108, 94
5  Daily Journal DAR 1918, 28 Fed. R. Serv. 3d (Callaghan) 200 (9th Cir. Cal. 1994).

### 4.  Applicant's Request Is Narrowly Tailored to Highly Relevant Information and Not Unduly Intrusive or Burdensome.

"Unduly intrusive or burdensome requests may be rejected or trimmed." *Intel.* at 245. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029 (N.D. Cal. 2016) (citing *Matter of Application of O2CNI Co., Ltd.*, 2013 WL 5826730, at 15–16 (N.D. Cal. 2013)).

As stated above, the information sought to be obtained in this Application is summarized as follows: (i) the Location Data of the iPhone and Apple ID used by Applicant during a specific time period on September 28, 2017 (Japan time); (ii) how the sensors, etc. built into the iPhone operate in Health App; and (iii) the information regarding the specifications of the iPhone and/or Apple's apps on how the step count and other data collected by Health App are recorded and the accuracy thereof. Shirai Decl. ¶ 8.  As for the Location Data in the above (i), Apple should be able to identify it with the iPhone device, Apple ID, and date and time specified in the proposed subpoenas, the scope of which is narrowly tailored to the Applicant's position in the Japanese Proceeding. *Id.* ¶ 11.  As for the above (ii) and (iii), the information on the specifications of Health App and sensors, etc., Applicant does not ask Apple to conduct a new investigation; rather, he asks Apple to disclose the result of the testing during manufacturing and developing of the subject apps, and does not require excessive work. *Id.*  The scope of technical descriptions and specifications is also limited to the extent necessary for use in the Japanese Proceeding, and thus the proposed subpoenas do not seek any trade secrets, nor impose any undue burden on Apple. *Id.*  Furthermore, all the information sought

-Page 7 of 8-

**In re Ex Parte Application of Tsukasa Akimoto**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

by the proposed subpoenas is solely in the possession, custody or control of Apple and can only be explained by Apple. It is vital that Apple provide the disclosure and explanation sought by the subpoenas. *Id.*

Although the Location Data is personal information, the data that Applicant seeks to obtain is his own information, i.e., the Location Data recorded through Applicant's use of his own iPhone.  Thus, the request is not intrusive.

Therefore, Applicant's request is narrowly tailored to highly relevant information and is not unduly intrusive or burdensome.

## III.     CONCLUSION

For the reasons stated above, Applicant respectfully requests that this Court grant this application and authorize issuance of the subject subpoenas.

Dated:  December 6, 2021               Respectfully submitted,

                                       MARSHALL SUZUKI LAW GROUP, LLP

                                       By: _____
                                           Junji Suzuki
                                           Attorney for Applicant,
                                           Tsukasa Akimoto

-Page 8 of 8-

**In re Ex Parte Application of Tsukasa Akimoto**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support