JUNJI SUZUKI (SBN 184738)
junji@marshallsuzuki.com
MARSHALL SUZUKI LAW GROUP, LLP
230 California Street, Suite 415
San Francisco, CA 94111
Telephone: (415) 618-0090
Facsimile: (415) 618-0190
Attorney for Applicant,
Tsukasa Akimoto

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re Ex Parte Application of | ) | Case No: |
| | ) | |
| | ) | **DECLARATION OF TETSU SHIRAI** |
| Tsukasa Akimoto, | ) | **IN SUPPORT OF EX PARTE** |
| | ) | **APPLICATION FOR ORDER** |
| Applicant. | ) | **PURSUANT TO 28 U.S.C. § 1782** |
| | ) | **PERMITTING DISCOVERY FOR USE** |
| _____ | ) | **IN FOREIGN PROCEEDING** |

I, Tetsu Shirai, declare as follows:

1. I am an attorney duly licensed to practice law in Japan. I am a partner at Law Office Hironaka. Applicant, Tsukasa Akimoto ("Applicant"), an individual who resides in Japan, retained me to defend a criminal case in Japan as described below.

2. I have personal knowledge of each fact stated herein.

3. I submit this declaration in support of Applicant's Ex Parte Application for Order Pursuant to 28 U.S.C. § 1782 (the "Application").

4. Applicant, after working as a secretary of a Diet member, was elected to the House of Councilors in the 20th regular election in July 2004 and served one term as a member of

-Page 1 of 6-
**In re Ex Parte Application of Tsukasa Akimoto**
Declaration of Tetsu Shirai in Support of Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding

the House of Councilors.[1] In December 2012, he was elected to the 46th General Election of the House of Representatives.[2] Since then, he was elected to the 47th and 48th General Elections of the House of Representatives and served his third term as a member of the House of Representatives (he is no longer a member following the dissolution of the House of Representatives on October 14, 2021).[3] In addition, Applicant served as State Minister of Land, Infrastructure, Transport and Tourism and State Minister of the Cabinet Office from August 7, 2017 to October 4, 2018.[4]

5. Applicant was recently convicted of four counts of bribery and two counts of bribery of witnesses by Tokyo District Court. The relevant allegations against Applicant in the criminal case (the "Japanese Proceeding") were as follows:

   a. Applicant, as Vice-Minister of the Ministry of Land, Infrastructure, Transport and Tourism as of September 28, 2017, was responsible for overseeing policies pertaining to roads, aviation, the development of Hokkaido, including tourism, under the orders of the Minister of Land, Infrastructure, Transport and Tourism. As Vice-Minister of the Cabinet Office, he assisted the Minister responsible for the development of the Specified Integrated Resort Areas ("IR").

   b. On September 28, 2017, Mr. Masahiko Konno ("Mr. Konno") and Mr. Katsunori Nakazato ("Mr. Nakazato"), who were advisors of 500.com Limited ("500.com"), a Chinese company, which at that time was planning to start a business of setting up and operating IRs in Okinawa and Rusutsu, Abuta-gun, Hokkaido, allegedly

---

[1] http://www.akimoto-web.jp/profile.php

[2] *Id.*

[3] *Id.*

[4] *Id.*

**In re Ex Parte Application of Tsukasa Akimoto**
Declaration of Tetsu Shirai in Support of Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding

provided 3 million yen (approximately $ 26,673.77 as of September 30, 2017[5]) in cash (the "Bribe") to Applicant at his office in Room 524 of the House of Representatives First Legislative Assembly Building, with the intention of receiving advantageous and beneficial arrangements for 500.com to conduct the aforementioned business in Okinawa and Rusutsu.

    c. Applicant was allegedly aware of the purpose of this Bribe, and accepted it.

6. Applicant has disputed the allegation that he received the Bribe. According to the allegations made by the prosecutor, Applicant met with Mr. Konno, Mr. Nakazato, and others at Applicant's office at around 1:30 p.m. on September 28, 2017, and allegedly accepted the Bribe from them. Contrary to these allegations, Applicant claims that he did not go to the House of Representatives First Legislative Assembly Building, where his office is located, during the said time period on that day, did not meet with Mr. Konno and Mr. Nakazato, and did not receive the Bribe from them, and thus it was impossible for him to receive the Bribe. During the first hearing, Applicant had, and presented to the Tokyo District Court, the step count data that, he contended, showed that he could not have been at the Applicant's Office at the subject time. However, the Court ruled that "there is no evidence that allows to recognize the operating principles, detailed operating conditions, and the degree of accuracy of this app, objectively and specifically[,]" therefore, the step count data "does not have sufficient evidentiary value that will affect determining the defendant's behavioral circumstances." A certified copy of the relevant part of the judgment by the Tokyo District Court in Japan is attached hereto as Exhibit A (*See* Page 35, Line 13 to Page 36, Line 18).

---

[5] https://fiscaldata.treasury.gov/datasets/treasury-reporting-rates-exchange/treasury-reporting-rates-of-exchange

**In re Ex Parte Application of Tsukasa Akimoto**
Declaration of Tetsu Shirai in Support of Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding

7. Given the conviction, Applicant filed an application to appeal such conviction to Tokyo High Court on September 7, 2021. A certified copy of the application for appeal is attached hereto as Exhibit B.

8. As provided in the proposed subpoenas to Apple attached to the proposed order concurrently submitted with this Application, the information sought to be obtained in this Application is summarized as follows: (i) the location data (GPS information and other location data collected by "Find My iPhone" and other functions or apps, and the step count and other data editing history, etc. (the "Location Data") collected by "Health" app (the "Health App") of the iPhone and/or Apple ID used by Applicant during a specific time period on September 28, 2017 (Japan time); (ii) how the sensors, etc. built into the iPhone operate in Health App; and (iii) information regarding the specifications of the iPhone and/or Apple's apps on how the step count and other data collected by Health App are recorded and the accuracy thereof.

9. As provided above, the matter at issue in the Japanese Proceeding is whether Applicant met with Mr. Konno and Mr. Nakazato at Applicant's office in the House of Representatives First Legislative Assembly Building at around 1:30 p.m. on September 28, 2017, and whether Applicant accepted the Bribe from them. The essential facts of the Japanese Proceeding, whether Applicant was at his office at around 1:30 p.m. on that day, and his whereabouts, are being disputed. If Applicant was not at his office at the time at issue as described above, the fact that he met with Mr. Konno and Mr. Nakazato and the fact that he accepted the Bribe cannot be established.

10. In this respect, the Location Data on the iPhone that Applicant owned at the time will be conclusive because it will prove his location (the information described in paragraph 9. (i)). In addition, the step count data from Health App at that time is still stored inside the iPhone or linked to the Apple ID used by Applicant, and the accuracy of the data (whether it has been altered, etc.) and the operating principles of collecting the data will be helpful and important evidence in proving Applicant's activities at the time at issue (the

**In re Ex Parte Application of Tsukasa Akimoto**
Declaration of Tetsu Shirai in Support of Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding

information described in paragraph 9. (ii) and (iii)). All of the information sought to be obtained in this Application will assist Applicant in overturning his conviction by proving that he was not at the place where and when the alleged bribery occurred, thus is crucial for Applicant's defense at the Japanese Proceeding.

11. As for this Location Data as described in paragraph 8. (i) above, Apple should be able to identify it with the iPhone device, Apple ID, and date and time specified in the proposed subpoena, the scope of which is narrowly tailored to the Applicant's defense in the Japanese Proceeding. In addition, because the said iPhone and Apple ID were used by Applicant and the information sought to be obtained in this procedure pertains to Applicant himself, there is no issue of infringement of privacy. Furthermore, as for the information described in paragraph 8. (ii) and (iii) above, i.e. information on the specifications of Health App and sensors, etc., Applicant will not require Apple to conduct a new investigation; rather, he seeks to disclose the results of testing during manufacturing and development, and does not require excessive work. The scope of technical descriptions and specifications are also limited to the extent necessary to the Japanese Proceeding, and thus the proposed subpoenas do not seek any trade secrets, nor impose any undue burden on Apple. Furthermore, all the information sought by the proposed subpoenas is solely in the possession, custody or control of Apple and can only be explained by Apple. It is vital that Apple provide disclosure and explanation sought by the proposed subpoenas.

12. Apple is not a party to the Japanese Proceeding or is in any way a participant or interested party in the appeal of the conviction arising from that underlying matter.

13. In Japan, both the first and the second instances of civil and criminal court proceedings are fact-finding processes. Therefore, on appeal, Applicant is allowed to present new evidence in the Japanese Proceeding.

**In re Ex Parte Application of Tsukasa Akimoto**
Declaration of Tetsu Shirai in Support of Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding

14. I am not aware of any restrictions imposed by, or any policies under, Japanese law limiting the proof-gathering proceeding in the manner proposed and for the purposes stated herein and in the Application.

15. Based on the above, the testimony and documents sought from Apple are highly relevant to Applicant's defense in the Japanese Proceeding and are narrowly tailored and limited to the discovery materials related to Applicant's defense.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 6, 12, 2021      By: Tetsu Shirai
                              Tetsu Shirai

-Page 6 of 6-
**In re Ex Parte Application of Tsukasa Akimoto**
Declaration of Tetsu Shirai in Support of Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding

# Exhibit A

令和3年9月7日宣告　裁判所書記官　安武重治㊞

令和2年刑(わ)第31号,同第200号,同年特(わ)第2183号,同第2254号　収賄,組織的な犯罪の処罰及び犯罪収益の規制等に関する法律違反(被告人秋元司),収賄(被告人豊嶋晃弘)各被告事件

判　　　決

本籍　東京都江東区東陽5丁目31番

住居　東京都江東区南砂1丁目4番24-202号

　　　レーベンハイム東陽町アクアリア

職業　衆議院議員

被告人　秋　元　　　司
昭和46年10月23日生

本籍　香川県三豊市高瀬町上勝間1862番地1

住居　東京都中央区東日本橋2丁目16番11号

　　　スワンレイク東日本橋7階

職業　会社員

被告人　豊　嶋　晃　弘
昭和53年11月21日生

主　　　文

　被告人秋元司を懲役4年に,被告人豊嶋晃弘を懲役2年に処する。

　被告人秋元司に対し,未決勾留日数中90日をその刑に算入する。

　被告人豊嶋晃弘に対し,この裁判が確定した日から4年間その刑の執行を猶予する。

　被告人秋元司から758万5779円を追徴する。

　訴訟費用は被告人両名の連帯負担とする。

理　　　由

【罪となるべき事実】

1

の失念により日程表の記載が漏れた可能性がある」旨供述しており（乙４３），これらの供述につき上記３の検討に反して信用性を疑うべき具体的事情は見当たらない。そうすると，日程表への不記載は必ずしも面会の事実の不存在を示すものではないというべきである。

なお，渡邉は，「本件当日，仲里らは会館事務所を訪れていないと思われ，被告人秋元が同日昼頃に会館事務所に戻った記憶もない」旨供述するものの，仲里らの訪問の有無は日程表への不記載からの推測にすぎず，被告人秋元に関しても戻ったか否かの記憶がないという趣旨にとどまるのであって，独立の証拠価値は認められない。

以上によれば，日程表への不記載の事実及び渡邉の公判供述は，必ずしも被告人秋元の供述を裏付けるものとは評価できず，もとより強固な裏付けを伴う仲里らの公判供述の信用性を揺るがすには遠く及ばない。

(2) 被告人秋元のスマートフォン内のヘルスケアアプリのデータ

弁護人は，被告人秋元が当時使用していたスマートフォンにインストールされたヘルスケアアプリの歩数等の計測データ，とりわけ計測終了時刻及び次の計測開始時刻のデータには極めて高い正確性が認められることを前提に，本件当日午後１時４０分に同アプリが計測を停止していることからすると，被告人秋元は，同時刻には国土交通副大臣室に到着しており，会館事務所から国土交通副大臣室までの移動時間も勘案すれば，同日午後１時３０分頃，紺野及び仲里と面会したということはあり得ない旨主張する。

しかし，同アプリの作動原理,詳細な作動条件及び正確性の程度を客観的,具体的に認めることのできる証拠はなく，同アプリの正確性についての弁護人の主張は，証拠上認められる限られた情報に同スマートフォンのメーカーに対する一般的な信頼をも加味した推測にすぎないというべきである。同スマートフォン内の同アプリの本件当日のデータを具体的にみても，同アプリは，①午前９時３８分から午前１０時０５分までの間，②午前１１時３９分

35

から午後０時０５分までの間及び③午後０時２５分から午後１時１３分までの間の計測結果を記録しているのに対し，被告人秋元は，①の時間帯に会館事務所で渡邉との打合せを行い，②の時間帯に国会内で代議士会及び衆議院本会議（午後０時０２分から２分間）に出席し，③の時間帯に所属派閥の定例総会に出席するため砂防会館に移動後，着座して昼食をとったというのであり，時間の長短に差はあるにせよ，いずれも被告人秋元が着席するなどして歩行していなかった時間帯があったことと整合しない。また，同アプリは午後０時０５分から午後０時２５分まで計測を停止しているが，この時間帯は，衆議院本会議の終了（午後０時０４分）の直後から両院議員総会（午後０時１５分開始予定）の開催中に相当しており，被告人秋元が同スマートフォンを手放していたとも，国会内での徒歩移動が全くなかったとも考えにくい上，同総会中は着席，離席及び移動を繰り返していた旨の被告人秋元の公判供述とも整合しない。

　このように，被告人秋元が同スマートフォンを携帯していたはずの時間帯においても，同アプリのデータと被告人秋元の動静とが整合しない点が複数見受けられる以上，同アプリのデータは，計測時間と停止時間のいずれも被告人秋元の動静を正しく反映していないものというほかなく，その行動状況に関する認定を左右するほどの証明力を有しない。

(3) 小括

　以上によれば，弁護人が被告人秋元の行動に関する客観証拠として指摘する証拠はいずれも証明力に乏しく，上記２に検討した紺野及び仲里の公判供述の信用性を何ら揺るがすものではない。

　なお，被告人秋元が国土交通省に帰着した時刻については，冒頭に認定した争いのない事実関係に従えば，おおよそ午後１時５５分頃と認定するのが常識に適うものといえる。すなわち，運転日報に記載された「午後２時」という帰着時間について，公用車の専属運転手髙槇秀勝は，本件当日の記憶は

# Exhibit B

令和2年刑(わ)第31号,令和2年刑(わ)第200号,令和2年特(わ)第2183号,令和2年特(わ)第2254号

# 控 訴 申 立 書

令和3年9月7日

東京高等裁判所　御中

被告人　秋　元　　　司

主任弁護人　白　井　　　徹 

上記被告人に対する頭書被告事件について、令和3年9月7日、東京地方裁判所刑事第3部が宣告した判決は全部不服であるから、控訴を申し立てる。

以　上

