```
1   JUNJI SUZUKI (SBN 184738)
    junji@marshallsuzuki.com
2   MARSHALL SUZUKI LAW GROUP, LLP
3   230 California Street, Suite 415
    San Francisco, CA 94111
4   Telephone: (415) 618-0090
    Facsimile: (415) 618-0190
5   Attorney for Applicant,
6   Tsukasa Akimoto
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| In re Ex Parte Application of | ) | Case No: |
|---|---|---|
| | ) | |
| | ) | **DECLARATION OF AIKO REYNOLDS** |
| Tsukasa Akimoto, | ) | **IN SUPPORT OF EX PARTE** |
| Applicant. | ) | **APPLICATION FOR ORDER** |
| | ) | **PURSUANT TO 28 U.S.C. § 1782** |
| _____ | ) | **PERMITTING DISCOVERY FOR USE** |
| | ) | **IN FOREIGN PROCEEDING** |

I, Aiko Reynolds, declare as follows:

1. My name is Aiko Reynolds. I am over 18 years of age. I am an assistant at Marshall Suzuki Law Group.

2. I translated (i) page 1, and (ii) page 35, line 13 to page 36, line 18, which is the part cited in the declaration of Tetsu Shirai ("Shirai Decl.") concurrently submitted herewith, of Exhibit A attached hereto and also attached to Shirai Decl. from Japanese to English.

3. Exhibit B attached hereto is a true and correct English translation of the said part of Exhibit A described above.

4. I translated Exhibit C attached hereto and also attached to Shirai Decl. from Japanese to English.

5. Exhibit D attached hereto is a true and correct English translation of Exhibit C described above.

6. I am qualified to translate from Japanese to English because I can read, write, understand and speak both Japanese and English fluently.

-Page 1 of 2-

**In re Ex Parte Application of Tsukasa Akimoto**
Declaration of Aiko Reynolds in Support of Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding

1   I declare under penalty of perjury under the laws of the United States that the foregoing
2  is true and correct.

4  Dated: December 6, 2021  By: _____
                                Aiko Reynolds

**In re Ex Parte Application of Tsukasa Akimoto**
Declaration of Aiko Reynolds in Support of Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding

# Exhibit A

R3.9.21 受領

令和3年9月7日宣告　裁判所書記官　安武重治㊞

令和2年刑（わ）第31号，同第200号，同年特（わ）第2183号，同第2254号　収賄，組織的な犯罪の処罰及び犯罪収益の規制等に関する法律違反（被告人秋元司），収賄（被告人豊嶋晃弘）各被告事件

判　　　決

　本籍　東京都江東区東陽5丁目31番

　住居　東京都江東区南砂1丁目4番24-202号

　　　　レーベンハイム東陽町アクアリア

　職業　衆議院議員

被告人　　秋　元　　　司
昭和46年10月23日生

　本籍　香川県三豊市高瀬町上勝間1862番地1

　住居　東京都中央区東日本橋2丁目16番11号

　　　　スワンレイク東日本橋7階

　職業　会社員

被告人　　豊　嶋　晃　弘
昭和53年11月21日生

主　　　文

　被告人秋元司を懲役4年に，被告人豊嶋晃弘を懲役2年に処する。

　被告人秋元司に対し，未決勾留日数中90日をその刑に算入する。

　被告人豊嶋晃弘に対し，この裁判が確定した日から4年間その刑の執行を猶予する。

　被告人秋元司から758万5779円を追徴する。

　訴訟費用は被告人両名の連帯負担とする。

理　　　由

【罪となるべき事実】

1

の失念により日程表の記載が漏れた可能性がある」旨供述しており(乙43),これらの供述につき上記3の検討に反して信用性を疑うべき具体的事情は見当たらない。そうすると,日程表への不記載は必ずしも面会の事実の不存在を示すものではないというべきである。

　なお,渡邉は,「本件当日,仲里らは会館事務所を訪れていないと思われ,被告人秋元が同日昼頃に会館事務所に戻った記憶もない」旨供述するものの,仲里らの訪問の有無は日程表への不記載からの推測にすぎず,被告人秋元に関しても戻ったか否かの記憶がないという趣旨にとどまるのであって,独立の証拠価値は認められない。

　以上によれば,日程表への不記載の事実及び渡邉の公判供述は,必ずしも被告人秋元の供述を裏付けるものとは評価できず,もとより強固な裏付けを伴う仲里らの公判供述の信用性を揺るがすには遠く及ばない。

(2) 被告人秋元のスマートフォン内のヘルスケアアプリのデータ

　弁護人は,被告人秋元が当時使用していたスマートフォンにインストールされたヘルスケアアプリの歩数等の計測データ,とりわけ計測終了時刻及び次の計測開始時刻のデータには極めて高い正確性が認められることを前提に,本件当日午後1時40分に同アプリが計測を停止していることからすると,被告人秋元は,同時刻には国土交通副大臣室に到着しており,会館事務所から国土交通副大臣室までの移動時間も勘案すれば,同日午後1時30分頃,紺野及び仲里と面会したということはあり得ない旨主張する。

　しかし,同アプリの作動原理,詳細な作動条件及び正確性の程度を客観的,具体的に認めることのできる証拠はなく,同アプリの正確性についての弁護人の主張は,証拠上認められる限られた情報に同スマートフォンのメーカーに対する一般的な信頼をも加味した推測にすぎないというべきである。同スマートフォン内の同アプリの本件当日のデータを具体的にみても,同アプリは,①午前9時38分から午前10時05分までの間,②午前11時39分

35

から午後０時０５分までの間及び③午後０時２５分から午後１時１３分までの間の計測結果を記録しているのに対し，被告人秋元は，①の時間帯に会館事務所で渡邉との打合せを行い，②の時間帯に国会内で代議士会及び衆議院本会議（午後０時０２分から２分間）に出席し，③の時間帯に所属派閥の定例総会に出席するため砂防会館に移動後，着座して昼食をとったというのであり，時間の長短に差はあるにせよ，いずれも被告人秋元が着席するなどして歩行していなかった時間帯があったことと整合しない。また，同アプリは午後０時０５分から午後０時２５分まで計測を停止しているが，この時間帯は，衆議院本会議の終了（午後０時０４分）の直後から両院議員総会（午後０時１５分開始予定）の開催中に相当しており，被告人秋元が同スマートフォンを手放していたとも，国会内での徒歩移動が全くなかったとも考えにくい上，同総会中は着席，離席及び移動を繰り返していた旨の被告人秋元の公判供述とも整合しない。

　このように，被告人秋元が同スマートフォンを携帯していたはずの時間帯においても，同アプリのデータと被告人秋元の動静とが整合しない点が複数見受けられる以上，同アプリのデータは，計測時間と停止時間のいずれも被告人秋元の動静を正しく反映していないものというほかなく，その行動状況に関する認定を左右するほどの証明力を有しない。

(3) 小括

　以上によれば，弁護人が被告人秋元の行動に関する客観証拠として指摘する証拠はいずれも証明力に乏しく，上記２に検討した紺野及び仲里の公判供述の信用性を何ら揺るがすものではない。

　なお，被告人秋元が国土交通省に帰着した時刻については，冒頭に認定した争いのない事実関係に従えば，おおよそ午後１時５５分頃と認定するのが常識に適うものといえる。すなわち，運転日報に記載された「午後２時」という帰着時間について，公用車の専属運転手髙槇秀勝は，本件当日の記憶は

36

# Exhibit B

(Page 1)

Pronounced on September 7, 2021     Court Clerk Shigeharu Yasutake (sealed)

Criminal (Wa) No. 31, 2021, No. 200, Special (Wa) No. 2183, 2254 Case under Public Prosecution of Bribery, and Violation of Act on Punishment of Organized Crimes and Control of Proceeds of Crime (Defendant Tsukasa Akimoto), and Bribery (Defendant Akihiro Toyoshima)

## Judgment

| | |
|---|---|
| Legal Domicile: | 5-31, Toyo, Koto-ku, Tokyo |
| Residence: | 4-24-202, Minamisuna 1-chome, Koto-ku, Tokyo |
| | Raven Heim Toyocho Aquaria |
| Occupation: | Member of the House of Representatives |

Defendant   Tsukasa Akimoto
Date of birth:   October 23, 1971

| | |
|---|---|
| Legal Domicile: | 1862-1, Kamikatsuma, Takasecho, Mitoyo-shi, Kagawa |
| Residence: | 16-11, Nihonbashi 2-chome, Chuo-ku, Tokyo |
| | Swan Lake Nihonbashi 7th floor |
| Occupation: | Office Worker |

Defendant   Akihiro Toyoshima
Date of birth:   November 21, 1978

## Main Text of Judgment

Defendant Tsukasa Akimoto shall be punished by imprisonment for four years, and Defendant Akihiro Toyoshima shall be punished by imprisonment for two years.

As to Defendant Tsukasa Akimoto, 90 days of pre-sentencing detention shall be included as time served toward the sentence.

The execution of the sentence of Defendant Akihiro Toyoshima shall be suspended for four years from the date on which this trial becomes final and binding.

The execution of the sentence against the defendant Akihiro Toyoshima shall be suspended

Defendant Tsukasa Akimoto shall be punished by collection of 7,585,799 yen.

The court costs shall be jointly and severally borne by both Defendants.

Reasoning

[Facts Constituting the Crime]

(From Page 35, Line 13 to Page 36, Line 18)

(2) Data from the Health app in defendant Akimoto's smartphone

Defendant counsel of Defendant Akimoto argues that, based on the premise the data on the step count, etc. from the Health app installed on the smartphone used by Defendant Akimoto at that time, namely the data of the end time of measurement and the start time of the next measurement, is of high accuracy, given the app stopped measuring at 1:40 p.m. on the day in question, Defendant Akimoto arrived at the office of the State Minister of Land, Infrastructure, Transport and Tourism at that time. And considering the estimated time from his office in the Assembly Building to the office of the State Minister of Land, Infrastructure, Transport and Tourism, Defendant counsel argues it is impossible for the defendant to have met with Mr. Konno and Mr. Nakazato at around 1:30 p.m. on the same day.

However, there is no evidence that allows to recognize the operating principles, detailed operating conditions, and the degree of accuracy of this app, objectively and specifically. Defendant counsel's assertions on the accuracy of the application should thus be considered no more than speculation that considers the general trust in the smartphone manufacturer to the limited amount of information available. And even when specifically examining the data from the app on the day in question from the said smartphone, the app recorded the measurement results for (a) the period from 9:38 a.m. to 10:05 a.m., (b) the period from 11:39 a.m. to 12:05 p.m., and (c) the period from 12:25 p.m. to 1:13 p.m., whereas Defendant Akimoto had a meeting with Mr. Watanabe at his office in the Assembly Building during (a), attended a meeting of the House of Representatives and a plenary session of the House of Representatives (for two minutes from 12:02 p.m.) within the Diet during (b), and moved to the Sabo Kaikan to attend the regular general meeting of his faction during (c), and then sat down for lunch. Although the lengths of the times may vary, these are not consistent with the fact that there were times when Defendant Akimoto was seated and did not walk. In addition, the app stopped measuring from 12:05 p.m. to 12:25 p.m., which corresponds to the period immediately after the end of the plenary session of the House of Representatives (12:04 p.m.) and during the general meeting of both houses of the Diet (scheduled to start at 12:15 p.m.). It is difficult to consider Defendant Akimoto had not

walked around within the Diet at all, even if he had left his smartphone elsewhere, and this is also inconsistent with the defendant's statement at the trial that he had repeatedly sat down, left his seat, and moved around during the general meeting.

Thus, given there are multiple inconsistencies between the app data and the movements of Defendant Akimoto even during times when the Defendant Akimoto was presumably carrying the smartphone, the app data does not correctly reflect the movements of Defendant Akimoto both in terms of the times when data were measured and not measured, and does not have sufficient evidentiary value that will affect determining the defendant's behavioral circumstances.

# Exhibit C

令和2年刑（わ）第31号，令和2年刑（わ）第200号，令和2年特（わ）第2183号，令和2年特（わ）第2254号

# 控 訴 申 立 書

令和3年9月7日

東京高等裁判所　御中

被　告　人　　秋　元　　　司

主任弁護人　　白　井　　　徹 

　上記被告人に対する頭書被告事件について、令和3年9月7日、東京地方裁判所刑事第3部が宣告した判決は全部不服であるから、控訴を申し立てる。

以　上



# Exhibit D

Criminal (Wa) No. 31, 2021, Criminal (Wa) No. 200, 2021, Special (Wa) No. 2183, 2021, Special (Wa) No. 2254, 2021,

## Application of Appeal

September 7, 2021

To Tokyo High Court

                        Defendant         Tsukasa Akimoto

                        Lead Defendant Counsel    Tetsu Shirai

Regarding this criminal case above against Defendant above, on September 7, 2021, since the Defendant is unsatisfied with the whole of the judgment entered by Tokyo District Court Third Criminal Department, Defendant files this appeal.